UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JASON FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 5:13-cv-01931-SGC |
| EASTON TECHNICAL PRODUCTS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER[1]

This is a products liability action removed from the Circuit Court of Jackson County, Alabama by defendants Big Daddy's Outdoors, Inc., and Big Daddy's Fireworks, LLC, on the basis of diversity jurisdiction. (Doc. 1). Defendant Easton Technical Products consented to removal as required by 28 U.S.C. § 1446(b)(2)(A). (Doc. 1 at ¶ 4; Doc. 2). Big Daddy's Outdoors and Big Daddy's Fireworks allege the plaintiff, Jason Ferguson, Easton Technical Products, and Big Daddy's Outdoors are of diverse citizenship and the citizenship of Big Daddy's Fireworks should be ignored because it is fraudulently joined. (*Id.*). Big Daddy's Fireworks has filed a motion seeking its dismissal from this action on the same grounds alleged as the basis of its fraudulent joinder. (Doc. 6). Ferguson opposes dismissal of Big Daddy's Fireworks and seeks remand on the grounds Big Daddy's Outdoors is not diverse from him and Big Daddy's Fireworks is not fraudulently joined. (Doc. 10). Ferguson filed a renewed

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 21).

1

motion to remand on September 9, 2015, reiterating the arguments made in his original motion. (Doc. 22). For the reasons discussed below, Ferguson's motions to remand are due to be denied. Furthermore, Big Daddy's Fireworks is due to be dismissed from this action as fraudulently joined, and its motion to dismiss is due to be denied as moot.

## I. Background

### A. Complaint

Ferguson alleges he was injured when an Easton brand arrow he purchased from Big Daddy's, which he defines as encompassing both Big Daddy's Outdoors and Big Daddy's Fireworks, broke and splintered on release from his compound bow, puncturing the area of his left wrist and arm. (Doc. 1-2 at ¶¶ 5, 14-17). He asserts claims against all defendants under the Alabama Extended Manufacturer's Liability Doctrine and for negligence, recklessness, and/or wantonness, breach of express warranty, and breach of implied warranty. (*Id.* at Counts I – IV).

### B. Notice of Removal

In their notice of removal, Big Daddy's Outdoors and Big Daddy's Fireworks allege Ferguson is a resident citizen of Jackson County, Alabama (Doc. 1 at ¶ 11), Big Daddy's Outdoors is a foreign corporation organized under the laws of the State of Tennessee with its business address at 1500 Elm Avenue in South Pittsburg, Tennessee (*id.* at ¶ 12), and Easton Technical Products is a foreign corporation organized under the laws of the State of Utah with its principal place of business in that state (*id.* at ¶ 13). They further allege Big Daddy's Fireworks is fraudulently joined because there is no possibility Ferguson can establish any of his asserted causes of action against it. (*Id.* at

¶¶ 2, 15-40).[2]  Finally, they allege the amount in controversy exceeds $75,000, exclusive of interests and costs.  (*Id.* at ¶¶ 41-50).

Attached to the notice of removal is the affidavit of Lew Wilson Loyd, Jr., the president of Big Daddy's Outdoors and Big Daddy's Fireworks.  (Doc. 1-3).  Loyd testifies Big Daddy's Outdoors was formed in Tennessee, is authorized to do business in Alabama, has its business address at 1500 Elm Avenue in South Pittsburg, Tennessee, and also does business at 52680 U.S. Highway 72 in Bridgeport, Alabama.  (*Id.* at 1).  He further testifies Big Daddy's Fireworks was formed in Alabama and has its business address at 52680 U.S. Highway 72 in Bridgeport, Alabama.  (*Id.*).  According to Loyd, Big Daddy's Outdoors and Big Daddy's Fireworks are completely separate entities, and the latter does not sell hunting or sporting goods but rather, only sells fireworks.  (*Id.* at 1-2).  He specifically testifies Big Daddy's Fireworks did not design, manufacture, distribute, sell, own, maintain, service, transport, market, or otherwise have any responsibility for the arrow in question.  (*Id.* at 2).  Attached to Loyd's affidavits are photographs of what Loyd testifies are the exterior and interior of the building where Big

---

[2] In a supplement to their response to Ferguson's motion to remand filed nearly one year after that response, the removing defendants state Big Daddy's Fireworks is no longer in existence, "[t]he correct name of the fireworks stand as identified by [Ferguson] in [his] [c]omplaint is BDFB, LLC," and the members of BDFB are Lew Wilson Loyd, Jr., Lew Wilson Loyd, III, and Jana Loyd Bennett, all of whom are citizens of Tennessee. (Doc. 18 at ¶¶ 3-5).  To the extent this supplement is intended to present an alternative ground for this court's exercise of jurisdiction—namely, the actual diversity of all parties—it fails.  "The existence of federal jurisdiction is tested at the time of removal."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008).  *See also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 568-81 (2004) (holding party's post-filing change in citizenship cannot cure lack of diversity jurisdiction at time of filing).  Therefore, it would be the citizenship of Big Daddy's Fireworks at the time of removal that would be relevant to whether it was diverse from Ferguson.  Although the parties have not alleged the citizenship of Big Daddy's Fireworks as it existed on removal, they have assumed it was an Alabama citizen.  (*See* Doc. 1 at ¶ 2; Doc. 10 at 8; Doc. 22 at 8).  For purposes of Ferguson's motion to remand, the undersigned assumes so, as well.

Daddy's Outdoors operates throughout the year, as well as the exterior and interior of the building where Big Daddy's Fireworks operates for the few weeks around the Fourth of July.  (*Id.* at 1, 4-7).

### C. Motion to Remand

Ferguson does not contest certain jurisdictional elements alleged in the notice of removal.  First, he does not dispute he is a citizen of Alabama and, furthermore, alleges the same in his motions to remand.  (Doc. 10 at 8; Doc. 22 and 8).[3]  Nor does he contest Easton Technical Products is organized under the laws of the State of Utah with its principal place of business in that state or that Big Daddy's Outdoors is organized under the laws of the State of Tennessee.  Finally, he does not contest the amount in controversy exceeds $75,000, exclusive of interest and costs.  Rather, Ferguson notes Big Daddy's Outdoors and Big Daddy's Fireworks did not identify Tennessee as Big Daddy's Outdoors's principal place of business and argues that, in fact, that place is located in

---

[3] In their notice of removal, Big Daddy's Outdoors and Big Daddy's Fireworks allege Ferguson is a resident citizen of Jackson County, Alabama, citing paragraph 1 of Ferguson's complaint, which alleges Ferguson is a resident of Jackson County, Alabama. (Doc. 1 at ¶ 11 (citing Doc. 1-2 at ¶ 1). With respect to the allegation of Ferguson's complaint on which Big Daddy's Outdoors and Big Daddy's Fireworks rely, the undersigned notes residence alone is insufficient to establish citizenship. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013) (holding unsworn statement of residence contained in brief was insufficient, alone, to establish citizenship).  "'Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction,'" and "domicile requires both residence in a state and 'an intention to remain there indefinitely. . . .'" *Id.* at 1269 (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).  However, given the removing defendants' allegation Ferguson is an Alabama citizen, the absence of any challenge to that allegation by Ferguson, and Ferguson's statements he is an Alabama citizen contained in his motion to remand and renewed motion to remand, the undersigned concludes Ferguson is, indeed, an Alabama citizen. *See Huff v. Countrywide Home Loans, Inc.*, 2013 WL 2248036, at *1-2 (N.D. Ala. May 22, 2013) (denying motion to remand where plaintiffs did not dispute defendant's allegation they were Alabama citizens or that amount in controversy exceeded $75,000 and court determined defendant was citizen of New York and California); *Murphy v. Aventis Pasteur, Inc.*, 270 F. Supp. 2d 1368, 1372 n.3 (N.D. Ga. 2003) (in denying motion to remand, court noted complaint alleged plaintiff was South Carolina resident, notice of removal alleged plaintiff was South Carolina citizen, and plaintiff had not refuted or otherwise controverted that allegation).

Alabama, as a result of which Big Daddy's Outdoors is not a diverse defendant. (Doc. 10 at ¶ 5). More specifically, Ferguson argues evidence shows Big Daddy Outdoors's principal place of business is located at the Bridgeport, Alabama address where its president testified it does business, which Ferguson claims is where the building its president testified is where it operates throughout the year is located. (*Id.* at ¶¶ 5-6).

Attached to Ferguson's motion is the affidavit of Billy Ware, a private investigator who traveled to the Tennessee and Alabama business addresses identified in Loyd's affidavit, as well as a log Ware created and photographs he took in connection with that investigation. (Doc. 10-1). In his affidavit, Ware testifies there is not a 1500 block of Elm Avenue but that his GPS directed him to the corner of 15th Street and South Cedar Avenue. (*Id.* at 1-2). He further testifies there is not a business identified as Big Daddy's Outdoors at or around that location. (*Id.* at 2). According to Ware's investigation log, at the corner of 15th Street and South Cedar Avenue is a large fireworks compound with a sign identifying it as Atomic Fireworks Wholesale and a sign on the door stating "No retail sales! Big Daddy's Fireworks best bang for your buck. Visit us at I-24 exit 152 or exit 161, Hwy 72 Bridgeport, AL." (*Id.* at 5). Photographs of this signage are attached to Ware's investigation log. (*Id.* at 7-8). Also attached to Ware's investigation log is a photograph of a billboard advertising for Big Daddy's outdoors, fireworks, sporting goods, gas, and convenience. (*Id.* at 9-10). According to Ware's investigation log, this billboard is located just inside the Alabama state line. (*Id.* at 5).

Ferguson also does not dispute Loyd's sworn testimony that Big Daddy's Fireworks did not design, manufacture, distribute, sell, own, maintain, service, transport,

5

market, or otherwise have any responsibility for the arrow. Rather, he argues Big Daddy's Outdoors and Big Daddy's Fireworks are so intertwined that the latter is properly named as a joint tortfeasor and that the assertion of joint and several liability is sufficient to support the inclusion of Big Daddy's Fireworks as a proper defendant in this action. (Doc. 10 at ¶¶ 8, 10). In support of his argument, Ferguson notes that while Loyd testifies Big Daddy's Outdoors and Big Daddy's Fireworks operate out of separate buildings, records retrieved from the Alabama Secretary of State's website and attached to the motion to remand confirm Big Daddy's Fireworks's registered street address in Alabama is the same address where Loyd testified Big Daddy's Outdoors does business. (*Id.* at ¶ 11; Doc. 10-2 at 4-5). He also cites the billboard advertising for Big Daddy's outdoors, fireworks, sporting goods, gas, and convenience in support of his argument. (Doc. 10 at ¶ 12; Doc. 10-1 at ¶¶ 5, 9-10).

### D. Response to Motion to Remand

In their response to Ferguson's motion to remand, Big Daddy's Outdoors and Big Daddy's Fireworks elaborate on their allegation Big Daddy's Outdoors's is a citizen of Tennessee, exclusively. Specifically, they argue Big Daddy's Outdoors's "nerve center" and, thus, its principal place of business, is located in Tennessee. (Doc. 11 at 2-6). Attached to their response is another affidavit of Lew Wilson Loyd. (Doc. 11-1). In that affidavit, Loyd testifies 1500 Elm Avenue in South Pittsburg, Tennessee is the place where Big Daddy's Outdoors maintains its headquarters, holds corporate meetings, makes corporate decisions, and keeps and maintains its corporate books, records, and files. (*Id.* at 1-2). He further testifies Big Daddy's Outdoors's bank account is located at

a Tennessee bank, its corporate counsel is located in Tennessee, and its president (i.e., Loyd) and secretary are Tennessee residents. (*Id.* at 2). Attached to the affidavit are the following: Big Daddy's Outdoors's application to transact business in Alabama listing 1500 Elm Avenue in South Pittsburg, Tennessee as the street address of its principal office (Doc. 11-1 at 3), business entity details for Big Daddy's Outdoors retrieved from the Tennessee Secretary of State's website listing the Elm Avenue address as the address of its principal office (*id.* at 4), and business entity details for Big Daddy's Outdoors retrieved form the Alabama Secretary of State's website listing the Elm Avenue address as its principal address (*id.* at 5). Loyd testifies the Elm Avenue address has been the location of Big Daddy's Outdoors's corporate headquarters and principal place of business since its formation in 2000. (*Id.* at 1).

Also in their response to Ferguson's motion to remand, Big Daddy's Outdoors and Big Daddy's Fireworks argue the evidence Ferguson offers in support of his claim they function as the same entity is insufficient to support that claim. (Doc. 11 at 7). They further argue Loyd's affidavit testimony is sufficient to demonstrate they are separate entities. (*Id.* at 7-8).

## II. **Discussion**

An action filed in state court may be removed to federal court if the federal courts have original subject matter jurisdiction. 28 U.S.C. § 1441(a). Generally, this means a federal court must be able to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332, or federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Diversity jurisdiction requires every plaintiff

be of diverse citizenship from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Furthermore, the amount in controversy must exceed $75,000, exclusive of interest and costs. § 1332(a). "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

When a case is removed on the basis of diversity jurisdiction, a court must remand the case to state court if there is not complete diversity or one of the defendants is a citizen of the state in which the case was filed. *Stillwell*, 663 F.3d at 1332 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); § 1441(b)). However, if a plaintiff has fraudulently joined a non-diverse defendant by naming that defendant solely to defeat diversity jurisdiction, a district court must ignore the presence of the non-diverse defendant for purposes of determining diversity jurisdiction. *Henderson v. Washington Nat. Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006).

On a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction, *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998), which in a case removed on the basis of diversity jurisdiction means establishing the parties' citizenship, *Rolling Greens MHP*, 374 F.3d at 1022. "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

### A. Citizenship of Big Daddy's Outdoors

For purposes of diversity jurisdiction, a corporation is a citizen of the state of its incorporation and the state in which it has its principal place of business.  § 1332(c)(1). Again, Ferguson does not dispute the sworn allegation Big Daddy's Outdoors was incorporated in Tennessee, which is supported by business entity details for Big Daddy's Outdoors retrieved from the Tennessee Secretary of State's website and attached to the response to Ferguson's motion to remand.  (*See* Doc. 1-3 at 1; Doc. 11-1 at 4).  Rather, the parties disagree whether Big Daddy's Outdoors's principal place of business is located at 1500 Elm Avenue in South Pittsburg, Tennessee or 52680 U.S. Highway 72 in Bridgeport, Alabama.

In *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the Supreme Court held a corporation's principal place of business is "where [its] officers direct, control, and coordinate [its] activities," noting lower federal courts have referred to this place as a corporation's "nerve center."  559 U.S. at 80-81, 92-93.

> [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* at 93.  The Court further noted "[a] corporation's 'nerve center,' usually its main headquarters, is a single place." *Id.*

Ferguson's insistence Big Daddy's Outdoors's principal place of business is the Alabama location where Big Daddy's Outdoors conducts retail sales seemingly turns a

9

blind eye to *Hertz,* which adopted the "nerve center" test in lieu of a test applied by some federal courts that "focused more heavily on where a corporation's actual business activities are located." *See Hertz,* 559 U.S. at 89. His contention the Tennessee address cannot be the location of Big Daddy's Outdoors's principal place of business because there is no signage for Big Daddy's Outdoors's at that address likewise misses the mark.

Whether the allegations as to Big Daddy's Outdoors's principal place of business contained in the notice of removal are lacking, the additional allegations made in the response to the motion to remand and supported by Loyd's additional affidavit testimony establishes Big Daddy's Outdoors's principal place of business is located at 1500 Elm Avenue in South Pittsburg, Tennessee by a preponderance of the evidence.[4] Loyd testified the Tennessee address is where Big Daddy's Outdoors maintains its headquarters, holds corporate meetings, makes corporate decisions, and keeps and maintains its corporate books, records, and files. (Doc. 11-1 at 1-2). Ferguson does not contest this testimony. The activities Loyd testifies take place at Big Daddy's Outdoors's headquarters demonstrate the corporation's officers do indeed direct, control, and coordinate its activities from that place. This conclusion is strengthened by Loyd's testimony Big Daddy's Outdoors's bank account is located at a Tennessee bank, its corporate counsel is located in Tennessee, and he and its secretary are Tennessee

---

[4] The Eleventh Circuit has held that "[w]hile it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). *See also Fuzzell v. DRC Emergency Servs.*, LLC, 2015WL 412889, at *3 (N.D. Ala Jan. 30, 2015) (Acker, J.) ("[The Eleventh Circuit] has held that the district court should consider all jurisdictional evidence, whether the evidence is presented with the notice of removal or in response to a motion to remand." (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010))).

residents. (Doc. 11-1 at 1-2). Ferguson does not contest this testimony, either. Finally, attached to Loyd's affidavit are Big Daddy's Outdoors's application to transact business in Alabama listing 1500 Elm Avenue in South Pittsburg, Tennessee as the street address of its principal office (Doc. 11-1 at 3), business entity details for Big Daddy's Outdoors retrieved from the Tennessee Secretary of State's website listing the Elm Avenue address as the address of its principal office (*id.* at 4), and business entity details for Big Daddy's Outdoors retrieved from the Alabama Secretary of State's website listing the Elm Avenue address as its principal address (*id.* at 5). In *Hertz* the Supreme Court rejected the suggestion "the mere filing of a form . . . listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'" 559 U.S. at 97. *See also Wylie v. Red Bull North America, Inc.*, 2015 WL 5515380, at *3 (11th Cir. Sept. 21, 2015) (holding copy of printout from website from Georgia Secretary of State identifying defendant as foreign corporation with its "jurisdiction" and "principal office address" in California insufficient to establish defendant's principal place of business under *Hertz* "nerve center" test). However, here, the application and records attached to Loyd's affidavit simply reinforce what is otherwise established.

Notably, the facts here closely parallel an example given by the Court in *Hertz*. Acknowledging the "nerve center" test "may in some cases produce results that seem to cut against the basic rationale for 28 U.S.C. § 1332," the Court continued:

> For example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New

> York.  One could argue that members of the public in New Jersey would be less likely to be prejudiced against the corporation than persons in New York—yet the corporation will still be entitled to remove a New Jersey state case to federal court.

559 U.S. at 96.  Here, as in the foregoing example, although the bulk of Big Daddy's Outdoors's business activities visible to the public may, as Ferguson presses, take place in Alabama, the corporation's officials direct, control, and coordinate those activities just across the state line in Tennessee.

For the foregoing reasons, Big Daddy's Outdoors's principal place of business is located in Tennessee.  Because Tennessee is also Big Daddy's Outdoors's state of incorporation, Big Daddy Outdoors is a citizen of Tennessee only and, therefore, diverse from Ferguson.

### B. Alleged Fraudulent Joinder of Big Daddy's Fireworks

"A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'"  *Henderson*, 454 F.3d at 1281 (quoting *Crowe v.Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).  The Eleventh Circuit identified a third situation where fraudulent joinder exists in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *overruled on other grounds in Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072-73 (11th Cir. 2000), "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real

12

connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287. This basis for fraudulent joinder exists in "egregious" cases of misjoinder. *Tapscott*, 77 F.3d at 1360.

A defendant must demonstrate fraudulent joinder by clear and convincing evidence. *Henderson*, 454 F.3d at 1281. A district court makes the determination of whether a non-diverse defendant is fraudulently joined on the basis of the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. *Pacheco*, 139 F.3d at 1380. Its task is not to gauge the sufficiency of the pleadings. *Henderson*, 454 F.3d at 1284. While the procedure for resolving a fraudulent joinder claim is similar to that for ruling on a motion for summary judgment, the former does not require a showing the plaintiff could survive summary judgment. *Crowe*, 113 F.3d at 1541. Nor does it require a showing the plaintiff has stated a plausible claim as required by Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. While the plausibility standard applicable to a motion to dismiss brought pursuant to Rule 12(b)(6) " 'asks for more than a sheer possibility that a defendant has acted unlawfully,'" *Stilwell*, 663 F.3d at 1333 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action,'" *Stilwell*, 663 F.3d at 1333 (quoting *Triggs*, 154 F.3d at 1287). *But see Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (noting the potential for legal liability must be reasonable and not merely theoretical).

In reviewing the pleadings and other evidence for a possible cause of action against an allegedly fraudulently joined defendant, a district court must view factual

allegations in the light most favorable to the plaintiff and resolve uncertainties about applicable law in the plaintiff's favor. *Id.* However, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Legg*, 428 F.3d at 1323. When a plaintiff does not dispute a defendant's sworn statement that would preclude the imposition of liability, there is no question of fact for the court to resolve in the plaintiff's favor on a motion to remand. *See id.* The plaintiff must come forward with some evidence to dispute the defendant's sworn statement and not merely rely on the unsworn allegations contained in his complaint. *See id.*; *Shannon v. Albertelli Firm, P.C.*, 610 Fed. App'x 866, 871 (11th Cir. 2015).

In his complaint, Ferguson asserts claims against the defendants under the AEMLD, for breach of express and implied warranties, and for negligence, recklessness, or wantonness. The AEMLD imposes liability for a defective product on the "seller," which has been interpreted to include the manufacturer, supplier, distributor, and actual seller of the product. *McPhail v. Mitsubishi Motor Mfg. of America, Inc.*, 80 F. Supp. 2d 1309, 1313 (S.D. Ala. 1997) (citing *Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132-33 (Ala. 1976)). Likewise, claims for breach of an express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose are viable only against the "seller" of goods. *See Southern v. Pfizer, Inc.*, 471 F. Supp. 2d 1207, 1219 (N.D. Ala. 2006) (citing Ala. Code §§ 7-2-313(1), 7-2-314(1), 7-2-315(1)). The president of Big Daddy's Fireworks has submitted sworn testimony that Big Daddy's Fireworks does not sell hunting or sporting goods and did not design, manufacture, distribute, sell, own, maintain, service, transport, market, or otherwise have any

responsibility for the arrow that injured Ferguson.  (Doc. 1-3 at 2).  Ferguson does not dispute this testimony.  Accordingly, there is no possibility Ferguson can establish a cause of action against Big Daddy's Fireworks under the AEMLD or for breach of any warranty.  *See Southern*, 471 F. Supp. 2d at 1215-17, 1219 (holding there was no possibility plaintiff could establish AEMLD or breach of warranty claim against defendants who were not sellers of allegedly defective drug, had no meaningful control over distribution of drug, could not have prevented dispersion of drug to consumers, and attested they had no involvement with the manufacture, development, or testing of drug).

Nor is there any possibility he can establish a negligence, recklessness, or wantonness claim against Big Daddy's Fireworks.  Ferguson bases these claims on the breach of a duty to ensure the arrow's safety and adequately warn of its risks and dangers.  The uncontroverted testimony of Big Daddy's Fireworks's president that Big Daddy's Fireworks does not sell hunting or sporting goods and had nothing to do with the arrow that injured Ferguson precludes the possibility Ferguson may show Big Daddy's Fireworks owed him any duty.  "Where there is no duty, there can be no negligence."  *Ex parte Wild Wild West Social Club, Inc.*, 806 So. 2d 1235, 1240 (Ala. 2001) (internal quotation marks omitted).  *See also Norfolk S. Ry. Co. v. Johnson*, 75 So. 3d 624, 645-46 (Ala. 2011), *as modified on denial of reh'g* (July 8, 2011) ("To establish a claim of wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." (internal quotation marks omitted)).

Ferguson's argument Big Daddy's Fireworks may be held jointly and severally

15

liable for torts committed by Big Daddy's Outdoors because the two entities are "intertwined" (Doc. 10 at ¶¶ 8, 10) is unavailing. First, the assertion of joint and several liability is not a basis of liability in and of itself. It requires the commission of an underlying tort by the alleged joint tort-feasor. *See McGough v. Wilson*, 137 So. 2d 43, 45 (Ala. 1962) ("It is settled that if damage has resulted from concurrent, wrongful acts of two or more tort-feasors, they may be sued jointly or severally and the act of each may be counted on as the proximate cause of the injury."). As discussed, there is no possibility Ferguson can show Big Daddy's Fireworks has committed any of the torts or breaches alleged in his complaint.

Second, to the extent Ferguson's reference to the intertwinement of Big Daddy's Outdoors and Big Daddy's Fireworks is meant to allege a theory of derivative liability as to the latter, he does not allege that theory expressly in his state court complaint or make any allegations that would put Big Daddy's Fireworks on notice he intended to pursue that theory or that would support that theory. He cannot save his claims against Big Daddy's Fireworks by asserting in a post-removal filing a new theory of liability that would divest this court of jurisdiction.

A district court judges the basis for federal subject matter jurisdiction as it exists at the time of removal. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008). Accordingly, courts have held that while the fraudulent joinder inquiry takes into account affidavits and deposition transcripts submitted to supplement the pleadings at the time or removal, "[p]ost-removal filings may not be considered [] when or to the extent that they present new causes of action or theories not raised in the

16

controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). *See also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263-65 (5th Cir. 1995) (holding plaintiffs could not rely on factual allegations made in post-removal affidavit to defeat fraudulent joinder argument on basis of claim or legal theory not alleged in state court complaint, nor could they amend their complaint to state a claim against alleged fraudulently joined defendant,); *St. John's Deliverance Temple v. Frontier Adjusters*, 2012 WL 629056, at 5 n.2 (S.D. Ala. Feb. 27, 2012) (noting that to the extent plaintiff attempted to assert bad faith claim against non-diverse defendants in motion to remand, district court need not determine whether plaintiff had possibility of stating that claim because it did not assert a bad faith claim in its original complaint, with citation to *Griggs* and *Cavallini*), *report and recommendation adopted*, 2012 WL 750903 (S.D. Ala. Mar 8, 2012); *Henderson v. Goodyear Dunlop Tires North America, Ltd.*, 2011 WL 3503171, at *5 (M.D. Ala. Aug. 10, 2011) (holding plaintiff could not defeat finding of fraudulent joinder by amending complaint to assert entirely new theory of recovery against fraudulently joined defendant). In other words, "[a] plaintiff cannot re-plead the complaint [after removal] in an attempt to divest [the district court] of jurisdiction by hindsight." *Dotson v. Elite Oil Field Servs., Inc.*, 91 F. Supp. 3d 865, 870 (N.D.W. Va. 2015). As observed by the Fifth Circuit in *Cavallini*, "[t]he rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious":

> Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse

>  defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

44 F.3d at 264.

The Fifth Circuit and federal district courts within that circuit have addressed this rule where a plaintiff explicitly alleges derivative liability for the first time in a motion to remand or other post-removal filing in an attempt to preclude a finding of fraudulent joinder. They have held that although a plaintiff need not plead a theory of liability by name in the state court complaint to invoke it for purposes of the fraudulent joinder analysis, the state court complaint must contain allegations sufficient to raise the theory. In *De La Hoya v. Coldwell Banker Mexico, Inc.*, the Fifth Circuit held the state court complaint's allegation the defendants were engaged in a joint enterprise and referred to all defendants by a single name, "Coldwell Banker," was sufficient to put the defendants on notice the plaintiffs intended to pursue any available theory of corporate liability, including single enterprise liability. 125 Fed. App'x 533, 537-38 (5th Cir. 2005). By contrast, in *Wilken Partners, L.P. v. Champps Operating Corp.*, the Western District of Texas held the plaintiff could not rely on theories of single enterprise or alter ego liability where its state court complaint asserted fraud and negligent misrepresentation claims against "Defendants," an operating corporation and its wholly-owned subsidiary, without distinguishing between statements made by one defendant versus the other and made no allegations to support theories of derivative liability. 2010 WL 3504057, at *4 (W.D. Tex. Sept. 1, 2010). Likewise, in *Akerblom v. Ezra Holdings Ltd.*, the Southern District

of Texas held it should not consider allegations of joint enterprise and alter ego liability alleged in an amended complaint filed post-removal where the plaintiff did not plead these theories expressly in his state court complaint or plead any allegations sufficient to raise the theories under Texas's pleading standard.  2011 WL 2960162 at *5-7 (S.D. Tex. July 19, 2011), *aff'd*, 509 Fed. App'x 340 (5th Cir. 2013).

Nowhere in his state court complaint does Ferguson expressly allege Big Daddy's Fireworks may be held liable for Big Daddy's Outdoors's acts or omissions under a theory of derivative liability.  The complaint contains no allegations that would put Big Daddy's Fireworks on notice Ferguson sought to recover from it on the basis of anything other than direct liability, either.  Although the complaint refers to Big Daddy's Outdoors and Big Daddy's Fireworks collectively as "Big Daddy's," (Doc. 1-2 at ¶ 5) it makes no additional allegation they operated jointly or as one in the same.  On the contrary, it identifies them as separate entities.   (*Id.* at ¶¶ 3-4).  The counts asserted in the complaint only can be read to attempt to hold the "Defendants," defined as Big Daddy's Outdoors, Big Daddy's Fireworks, and Easton Technical Products, directly liable for Ferguson's injuries.  (*See id.* at Counts I – IV).  Therefore, the undersigned will not consider whether Big Daddy's Fireworks may be liable for Big Daddy's Outdoors's torts or other breaches in determining whether the former is fraudulently joined.

Because Big Daddy's Fireworks is fraudulently joined, it is subject to dismissal from this action.  *See Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (stating in dicta that if a non-diverse defendant is fraudulently joined, the district court must dismiss that defendant and deny any motion to remand); *Holderfield v.*

*Allstate Ins. Co.*, 2014 WL 1600309, at *3 (N.D. Ala. Apr. 21, 2014) (dismissing fraudulently joined non-diverse defendant).

**III. Conclusion**

For the foregoing reasons, Ferguson's motions to remand (Docs. 10 & 22) are **DENIED** and Big Daddy's Fireworks is **DISMISSED** from this action. Big Daddy's Fireworks's motion to dismiss (Doc. 6) is **DENIED** as **MOOT**.

**DONE** this 21st day of December, 2015.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE